ORIGINAL

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
MAY - 6 2005
CLERK, U.S. DISTRICT COURT
By _____
     Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. 3-95-CR-0252-X(06) |
| | § | NO. 3-05-CV-0882-P |
| JARVIS WRIGHT | § | |
| | § | |
| Defendant. | § | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Defendant Jarvis Wright, appearing *pro se*, has filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. For the reasons stated herein, the motion should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

I.

Defendant was convicted by a jury of conspiracy to distribute 50 grams or more of cocaine base and other drug-related offenses. Punishment was assessed at 240 months confinement followed by supervised release for a period of eight years. His conviction and sentence were affirmed on direct appeal. *United States v. Morgan*, 117 F.3d 849 (5th Cir.), *cert. denied*, 118 S.Ct. 641 (1997). Defendant also filed a motion to correct, vacate, or set aside his sentence under 28 U.S.C. § 2255. The motion was denied on the merits. *United States v. Wright*, No. 3-98-CV-2860-X (N.D. Tex. Apr. 27, 2000), *rec. adopted*, (N.D. Tex. May 16, 2000), *COA denied*, No. 00-10945 (5th Cir. Feb. 19, 2001).

Defendant now seeks post-conviction relief for a second time. In two related grounds, defendant contends that his sentence was enhanced by factors not alleged in the indictment or determined by a jury beyond a reasonable doubt as required by *Blakely v. Washington*, ___ U.S. ___,

124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) and *United States v. Booker*, ___ U.S. ___, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). Before addressing these claims, the court must determine whether defendant can file a successive section 2255 motion without prior approval from the court of appeals.

## II.

The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub.L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255. This determination must be made by a three-judge panel of the court of appeals before defendant files his motion in district court. 28 U.S.C. §§ 2241 & 2255.

The Fifth Circuit has not issued an order authorizing the district court to consider this successive motion. Defendant must obtain such an order before another motion for post-conviction relief is filed.

## RECOMMENDATION

Defendant's motion to correct, vacate, or set aside his sentence should be dismissed without prejudice pending review by a three-judge panel of the court of appeals.

DATED: May 6, 2005.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE